IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LAMONTE PAYTON, | ) |
| | ) |
| Plaintiff, | ) Case No. 19 C 3855 |
| | ) |
| v. | ) |
| | ) Judge Robert W. Gettleman |
| LIGHT BULB DEPOT 28, LLC; DAMAR | ) |
| WORLDWIDE 4 LLC; DOMINO | ) |
| MANAGEMENT SERVICES, LLC, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Lamonte Payton has brought a three count second amended complaint against his former employer, defendant Light Bulb Depot 28, LLC ("LBD"), alleging that his employment was terminated based upon his race in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e et seq., and 42 U.S.C. § 1981. He has also named as defendants Damar Worldwide 4 LLC ("Damar") and Domino Management Services, LLC ("Domino"), alleging that he was jointly employed by all three defendants. Count I is a claim for violation of Title VII. Count II alleges retaliation in violation of Title VII. Count III is a claim for violating § 1981 based upon his termination and/or retaliation. All three counts are brought against all defendants. LBD and Domino have answered the complaint. Damar has answered count III and moved under Fed. R. Civ. P. 12(b)(6) to dismiss Counts I and II for failure to state a claim against it. For the reasons described below, Damar's motion is granted.

## BACKGROUND

According to the complaint, LBD is a corporation "organized, existing and operating" within the jurisdiction of this court. It is an employer subject to Title VII in that it is in an industry affecting commerce and had 15 or more employees in each of the 20 or more weeks in the current or preceding calendar year. David Michael Marrs is the CEO and President of LBD. Defendant Damar is a Nevada corporation with its principle place of business in Aurora, Missouri. Marrs is a managing member of Damar. Domino is a Florida corporation with its principle place of business in Aurora, Missouri. Marrs is the President of Domino.

In June 2017 Domino placed an advertisement on Craig's List for a warehouse/delivery driver for defendant LBD. Plaintiff responded directly to Domino for the position. Domino ran a background check on plaintiff and then hired plaintiff to work at LBD. Domino signed plaintiff's employment agreement, was in charge of creating and distributing LBD's Team Member Handbook, as well as issuing and certifying employee training for LBD employees. Domino also handled payroll, insurance, and employee 401(k) plans for LBD employees. LBD's employment policy regarding promotions, raises and transfers required that Domino review and approve any decisions made by LBD supervisors. All disciplinary actions by LBD supervisors were reported to Domino on Damar letterhead.

LBD sells commercial and residential lighting products made by Damar. Plaintiff began employment at LBD on July 3, 2017, as a warehouse driver. On December 12, 2017, he complained to the Human Resources Department at Domino that his supervisor was discriminating against him because he was African-American. According to plaintiff, the non-African-American drivers were given flexibility with their hours and allowed to take personal

days on short notice, while he was not. The supervisor became aware of plaintiff's complaint and ordered plaintiff to remain in the warehouse and not make deliveries. Plaintiff also complained that he was sent to predominately low-income or black neighborhoods while the non- African-American drivers were sent to higher-income suburban locations.

On April 16, 2018, plaintiff made another complaint against the supervisor. The complaint was in writing, and claimed that the supervisor screamed at plaintiff in front of his co-workers and made him clock out early and take a late lunch. Marrs asked plaintiff if he prepared the complaint. Plaintiff said he did, but upon further questioning said that his wife physically wrote the complaint because she had better handwriting. Two days later, plaintiff was terminated for allegedly lying to management about who prepared the complaint.

## DISCUSSION

Damar has moved to dismiss Counts I and II, brought under Title VII, for failure to exhaust administrative remedies. Specifically, Damar argues that plaintiff failed to name Damar in his Equal Employment Opportunity Commission ("EEOC') charge filed on December 10, 2018.

Before filing an action under Title VII, a plaintiff must first exhaust administrative remedies by filing a timely EEOC charge and receiving a right to sue letter. See Eggleston v. Chicago Journeymen, Plumbers Local Union No. 130, U.A., 657 F.2d 890, 905 (7th Cir. 1981). "It is well settled that ordinarily a party not named in an EEOC charge may not be sued under Title VII." Id. The purpose of the rule is to notify the charged party of the alleged violation, and to give the EEOC an opportunity for conciliation. Id. There is an exception. When the plaintiff can prove that an unnamed party has been provided with adequate notice of the charge,

under circumstances where the party has been given the opportunity to participate in conciliation proceeding aimed at voluntary compliance, the charge is sufficient to confer jurisdiction over that party. Id.

In the instant case, plaintiff's EEOC charge names only LBD. Plaintiff argues that the exception applies because all three defendants are "close affiliates" and functioned as a joint employer. In particular, plaintiff argues that because Marrs is a managing member of each company, and each company had the same members and officers, notice of the charge against LBD was sufficient notice to Domino and Damar also.

These facts might be sufficient to confer constructive notice on Damar of the charge against LBD. But, as Judge Kendall noted in Massey v. Churchview Supportive Living, Inc., 2018 WL 999900 at *5 (N.D. Ill. Feb. 21, 2018), it is not enough to allege that Damar had notice of the charge filed against LBD. Plaintiff must also allege that Damar had notice of the charge against Damar itself. Id. (citing Alam v. Miller Brewing Co., 709 F.3d 662, 666 (7th Cir. 2013); Tamayo v. Blagojevich, 526 F.3d 1074, 1089 (7th Cir. 2008)).

The factual statement in plaintiff's EEOC charge provides only that plaintiff began his employment with LBD on July 3, 2017, as a driver and that he was subject to harassment on December 12, 2017 and April 17, 2018. The facts do not allude to Damar in any manner. Plaintiff's initial complaint in the instant case named only LBD. The mere fact that Marrs was aware of the charge against LBD does not mean that he was aware of a charge against, or conciliated on behalf of Damar. Indeed, the second amended complaint contains numerous allegations to plausibly suggest that LBD and Domino acted as a joint employer, but nothing to plausibly suggest that Damar employed plaintiff. Consequently, the court concludes that

4

plaintiff has failed to exhaust his administrative remedies as to Damar, and grants Damar's motion to dismiss Counts I and II.

## **CONCLUSION**

For the reasons stated above, Damar's motion to dismiss Counts I and II (Doc. 25) is granted. This matter is set for a report on status on January 22, 2020, at 9:10 a.m.

**ENTER:** **January 8, 2020**

_____
**Robert W. Gettleman**
**United States District Judge**